UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YELENA NEDLINA, *Pro Se*, | ) | Case No.: 1:24 CV 2071 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MAYFIELD BRANCH, | ) | |
| CUYAHOGA COUNTY PUBLIC | ) | |
| LIBRARY, | ) | |
| | ) | |
| Defendant | ) | ORDER |

Currently pending before the court in the above-captioned case are *Pro Se* Plaintiff Yelina Nedlina's ("Plaintiff" or "Nedlina") Motions for Appointment of Counsel (ECF Nos. 2, 18) and Defendant Mayfield Branch, Cuyahoga County Public Library's ("Defendant" or "Library") Motion to Dismiss ("Def.'s Mot.") (ECF No. 12). For the following reasons, the court denies Plaintiff's Motions for Appointment of Counsel (ECF Nos. 2, 18) and grants Defendant's Motion to Dismiss (ECF No. 12).

**I. BACKGROUND**

Nedlina, a resident of Lyndhurst, Ohio, is a native Russian speaker pursuing employment with the Library. (Compl. at PageID 2.) Having completed a Master of Library and Information Science degree from Kent State University in the spring of 2004, Nedlina has applied for multiple positions with the Library since 2014, concentrating her search at the Mayfield branch location.

(Compl. at PageID 2, 10.) She has not been interviewed for any position to which she has applied at the Mayfield branch, though she was invited to interview at the Beechwood and Gates Mills branches. (Compl. at PageID 15; ECF No. 16 at PageID 70.) In the Library's rejections of Nedlina's applications for employment, they have repeatedly asserted that her background does not meet the minimum qualifications for the roles to which she has applied. (Compl. at PageID 2.)

In January 2024, Nedlina filed a complaint against the Library with the United States Equal Employment Opportunity Commission ("EEOC") alleging employment discrimination based on her national origin in violation of Title VII of The Civil Rights Act of 1964. 42 U.S.C. § 2000e-2(a)(1). Nedlina further alleges that, after complaining about the Library's responses to her employment applications, her access to the online system was blocked. (Compl. at PageID 2; *see also* ECF No. 16 at PageID 61.)

The EEOC sent a letter to Nedlina, dated November 14, 2024, informing her that the investigator was making a final recommendation asserting that the evidence provided to the EEOC "[did] not support a violation of the statute" and that, pending final determination from the District Director, she should expect to "receive a Dismissal letter and a Right to Sue Notice." (Compl. at PageID 11.) Shortly thereafter, Nedlina filed her Complaint (ECF No. 1) with the court. On May 15, 2025, Plaintiff filed an EEOC Notice of Right to Sue (ECF No. 17), as a supplement to her Complaint (ECF No. 1). The letter was issued on April 2, 2025. (ECF No. 17 at PageID 72.)

Following an extension, Defendant filed the instant Motion to Dismiss (ECF No. 12) on January 21, 2025. Plaintiff then filed a Response (ECF No. 13), to which Defendant filed a Reply (ECF No. 14). Plaintiff has also filed two Motions for Appointment of Counsel (ECF Nos. 2, 18).

Plaintiff's Motions for Appointment of Counsel (ECF Nos. 2, 18) and Defendant's Motion to Dismiss (ECF No. 12) are ripe for review.

## II. LAW AND ANALYSIS

### A. Motions for Appointment of Counsel

Plaintiff requests a court-appointed attorney for two reasons: 1) she is "a single mom with low income[,]" and 2) she "cannot find an attorney to represent [her] at this time." (ECF No. 2 at PageID 19.)

Pursuant to 28 U.S.C. § 1915(d), "a district court has discretion to appoint counsel for an indigent civil litigant." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) (citing *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (explaining that a denial of counsel "will be overturned only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'") (internal quotations omitted)). However, because the appointment of counsel in a civil case is a privilege, rather than a constitutional right, it "is justified only by 'exceptional circumstances.'" *Lavado*, 992 F.2d at 605–06 (explaining that, "[i]n determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself[;]" the appointment of counsel is not appropriate "when a *pro se* litigant's claims are frivolous or when the chances of success are extremely slim." (internal citations omitted)).

The court finds that the complexity of the issues in this case do not necessitate the appointment of counsel. *See Frengler v. Gen. Motors*, 482 Fed. Appx. 975, 977 (6th Cir. 2012) (unpublished) (affirming the district court's denial of a motion to appoint counsel "[b]ecause neither the facts of this case nor the potential legal issues involved are particularly complex[.]"). Furthermore, Plaintiff has not yet demonstrated that she has a colorable claim, such as by surviving

a motion to dismiss. *See Marangos v. Gen. Motors Corp.*, cc, 133 (6th Cir. 2002) (unpublished) (affirming the district court's denial of a motion to appoint counsel where there was no proof that the plaintiff's claim "had enough merit to survive dismissal or summary judgment."). For those reasons, the court denies Plaintiff's Motions for Appointment of Counsel (ECF Nos. 2, 18).

**B.      Motion to Dismiss**

The court examines the legal sufficiency of a plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). The Supreme Court clarified the law regarding what a plaintiff must plead to survive a motion made pursuant to Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accepting all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a case of action will not do." *Id*. at 555. Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court, in *Iqbal*, further explained the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. Furthermore, "[t]he plausibility standard is not akin to a 'plausibility requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Defendant argues that Plaintiff's Complaint (ECF No. 1) should be dismissed because, 1) Plaintiff failed to obtain a right to sue letter from the EEOC prior to filing suit, thus she has not exhausted the requisite administrative remedies, and 2) pursuant to Rule 12(b)(6), Plaintiff has failed to state a plausible claim upon which relief may be granted.

*1.   Exhaustion*

Defendant argues that Plaintiff failed to exhaust all administrative remedies prior to filing the present lawsuit. (Def.'s Mot. at PageID 48.) Specifically, Defendant asserts that "receipt of a right to sue letter is a precondition to a lawsuit brought in federal court[,]" and that Plaintiff's claim should be dismissed because she had not received such a letter from the EEOC at the time this suit was initiated. (*Id*.) Although this was true at the time Defendant filed its Motion (ECF No. 12), Plaintiff has since filed a right to sue letter with the court. (ECF No. 17.)

The filing of a right to sue letter is not a jurisdictional requirement and the court may accept a filing subsequent to a complaint. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *see also Portis v. State of Ohio*, 141 F.3d 632, 634–35 (6th Cir. 1998) (holding that there was no reason to bar Plaintiff's Title VII claim "solely on the grounds of a non-jurisdictional requirement whose brief absence caused [defendant] no prejudice in this case[,]" and that the court may permit subsequent receipt of a right to sue letter).

Because Plaintiff has now filed a right to sue letter, the court finds Plaintiff has exhausted the requisite administrative remedies with the EEOC.

*2. Failure to State a Claim*

Defendant next argues that Plaintiff has failed to state a claim for national origin discrimination because, 1) Plaintiff has failed to allege her national origin, and 2) Plaintiff has failed to allege that similarly situated individuals outside her class were hired for the positions to which she applied or were otherwise treated more favorably. (Def.'s Mot. at PageID 50.) Defendant asserts that, absent these allegations, Plaintiff's claim is "devoid of any facts which could produce an inference that the Library unlawfully considered her national origin when hiring for open positions," therefore her Complaint must be dismissed. (Def.'s Mot. Page ID 51.)

Title VII makes it unlawful for an employer "to fail or refuse to hire … any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" based on national origin. 42 U.S.C. § 2000e-2(a)(1). The *McDonnell Douglass* framework provides the elements of a *prima facie* case for Title VII employment discrimination claims, and requires a plaintiff to show: "(1) she was a member of a protected class, (2) she applied for and was qualified for the position ..., (3) she was considered for and denied the position, and (4) she was rejected in favor of another person with similar qualifications who was not a member of her protected class." *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1095 (6th Cir. 1996); *see, e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The *prima facie* case provided in *Mcdonnell Douglas* is an evidentiary standard applicable to summary judgment or trial, not a pleading requirement. *Swierkiewicz*, 534 U.S. at 511. The Supreme Court has explained that it "never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply … to surviv[ing] a motion to dismiss[,]" however, it "does not excuse the requirement that she allege facts

supporting a plausible inference of national origin discrimination to state a claim[.]" *Id.*; *Masaebi v. Arby's Corp.*, 852 F. App'x 903, 909 (6th Cir. 2021).

The court will next address whether a plaintiff is required to allege their specific national origin in their complaint for discrimination.

### a) Failure to Plead National Origin

Defendant argues that Plaintiff's claim must fail because she failed to plead sufficient facts to satisfy the first element: namely, she did not plead her "exact[] ... national origin." (Def.'s Mot. PageID 50.)

For a plaintiff to state a claim for national origin discrimination pursuant to Title VII, a plaintiff must "allege facts supporting a plausible inference of national origin discrimination[,]" which does not require establishing the elements of the *prima facie* case. *Swierkiewicz*, 534 U.S. at 511. Courts have found that, absent a specific declaration of national origin, contextual indicators may adequately establish a person's national origin for the purposes of a national origin discrimination claim. *Berke v. Ohio Dept. of Public Welfare*, 628 F.2d 980, 981 (6th Cir. 1980) (per curiam) (upholding the finding that alleging national origin discrimination on the basis of a foreign accent alone, without alleging a specific national origin, was sufficient to establish the *prima facie* case for national origin discrimination).

Defendant's argument that Plaintiff must allege her exact national origin is not well-taken. Although including a plaintiff's specific national origin in a pleading may strengthen a claim, it is not a required element that, if not met, bars further consideration of the sufficiency of the claim. Here, Plaintiff includes in the Complaint (ECF No. 1) that she is a Russian speaking refugee. (Compl. at PageID 2–3). These facts are more specific than the facts alleged in *Berke*, where the

court found the alleged facts were sufficient to establish a plaintiff as a member of a protected class at the pleading stage. Thus, this court finds that Plaintiff is not required to allege her exact national origin in the Complaint (ECF No. 1) to survive Defendant's Motion to Dismiss (ECF No. 12).

The court now turns to whether Plaintiff otherwise sufficiently states a claim upon which relief may be granted.

### b) Sufficiency of Plaintiff's Claim of National Origin Discrimination

Defendant further argues that Plaintiff's claim is insufficient because she "makes no allegations about who was selected for the positions to which she applied or whether those individuals were outside of her national origin class." (Def.'s Mot. at Page ID 50.)

To state a claim for national origin discrimination pursuant to Title VII, a plaintiff must "plead … factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, the Sixth Circuit has explained that, "[a]lthough dismissal on the pleadings is often inappropriate in employment discrimination cases[,]" dismissal is appropriate when "allegations regarding discrimination [are] so conclusory that no plausible claim could be inferred." *Masaebi*, 852 F. App'x at 909. Additionally, while the court must construe *pro se* complaints liberally, they must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011).

In a failure to hire claim, courts have found that a claim which fails to allege sufficient facts regarding the outcome of an alleged discriminatory hiring process cannot survive a motion to dismiss pursuant to Rule 12(b)(6). *See, e.g., Nelson v. Memphis-Shelby Cnty. Sch.*, No. 2:23-cv-02771-SHL-cgc, 2024 WL 4276067 (E.D. Tenn. September 24, 2024) (granting a motion to dismiss a failure to

hire claim based on the plaintiff's failure to allege whether someone that was not part of his protected class was hired or whether the position(s) remained open for other applicants). This approach is consistent with how courts have addressed the sufficiency of failure to promote claims. *See Meka v. Dayco Products L.L.C.*, 742 F. Supp. 3d 769 (E.D. Mich. 2024) (granting a motion to dismiss an Albanian woman's Title VII claim based on her failure to mention whether she even applied, or was rejected for, a promotion that ultimately went to an American man.) Conversely, the Sixth Circuit reversed a district court's dismissal of a Title VII claim of racial employment discrimination where the complaint alleged facts that "detail[ed] several specific events ... where [plaintiff] was treated differently than her Caucasian management counterparts[,]" and included details about "key supervisors and other relevant persons by race and either name or company title[.]" *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012).

Defendant's argument that the instant claim is insufficient because it fails to allege any facts regarding who was hired, or that a non-protected individual was hired, for the positions to which Plaintiff applied, is well-taken. Similarly to *Nelson* and *Meka*, and unlike *Keys*, Plaintiff's claim is far too conclusory to survive a motion to dismiss. Here, the essence of Plaintiff's factual allegations are that she applied for multiple positions, she is qualified for these positions based primarily on her graduate education, and that she was ultimately not hired. (Compl. at PageID 2.) Plaintiff then leaps to the conclusion that she was not hired for these positions because the Library discriminated against her based on her national origin. (*Id.*) Plaintiff has asked this court to make the same conclusory leap; Under *Twombly* and *Iqbal*, the court cannot.

There are a multitude of legitimate and lawful reasons why an employer may chose to decline to interview or hire a candidate for employment including deficient application materials, availability

-9-

of more qualified candidates, and previous encounters with an applicant that demonstrated unprofessional behavior. While a plaintiff need not allege facts that rule out all lawful bases for not hiring them, they must allege minimally sufficient facts that, if taken as true, would indicate national origin hiring discrimination was more likely than not the reason they were not hired. Plaintiff's factual allegations that she is educated, a native Russian speaker, and applied for positions but was not hired by the Library, do not present sufficient facts to establish the facial plausibility for a national origin discrimination claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" as required by *Iqbal*. 556 U.S. at 678. Furthermore, Plaintiff makes no allegations of direct discrimination, nor does she make any factual allegations that indicate the Library staff displayed discriminatory behavior or motives outside of not hiring her.

Although Plaintiff was not invited to interview for a position at the Library's Mayfield branch, she attached emails to both her Complaint (ECF No. 1) and a supplemental filing (ECF No. 16) that show she was invited to interview at two other Library branches. Plaintiff does not explain how those facts support her claim that she was discriminated against by the Mayfield Branch. Indeed, those facts appear to counter, rather than support, the thrust of her own claim.

Thus, even when liberally construed in a light most favorable to Plaintiff and taking all factual allegations as true, the Complaint (ECF No. 1) is insufficient to state a plausible claim for relief. Therefore, the court grants Defendant's Motion to Dismiss (ECF No. 12).

## IV. CONCLUSION

For the foregoing reasons, the court denies Plaintiff's Motions for Appointment of Counsel (ECF Nos. 2, 18) and grants Defendant's Motion to Dismiss (ECF No. 12).

IT IS SO ORDERED.

                                                */s/ SOLOMON OLIVER, JR.*
                                                UNITED STATES DISTRICT JUDGE

August 8, 2025